IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WENDELL REESE AND KAREN REESE, | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CASE NO. 3:25-CV-26-K-BK |
| | § | |
| WELLS FARGO BANK N.A. ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Before the Court for findings and recommended dispositions are: (1) Defendants *Wells Fargo's and U.S. Bank's Motion to Dismiss and Brief in Support*, Doc. 11; (2) *Defendant Barrett Daffin Frappier Turner & Engel, LLP's Motion to Dismiss for Failure to State a Claim*, Doc. 14; (3) Defendants Breckenridge Property Fund 2016 LLC's and Bank of the West's *Motion to Dismiss*, Doc. 15; and (4) Defendants *Wells Fargo's and U.S. Bank's Motion for Sanctions Against Plaintiffs*, Doc. 21. As detailed herein, Defendants Wells Fargo's and U.S. Bank's motion to dismiss, Doc. 11, should be **GRANTED**; Defendants BDFTE, Breckenridge, and Bank of the West's motions to dismiss, Doc. 14 and Doc. 15, should be **GRANTED IN PART**; and Defendants Wells Fargo's and U.S. Bank's motion for sanctions, Doc. 21, should be **DENIED AS MOOT**.

**I. BACKGROUND**

In January 2025, Plaintiffs Wendell and Karen Reese (Plaintiffs and alternatively "the Reeses") filed this civil case against Defendants Wells Fargo Bank N.A. ("Wells Fargo"), U.S.

Bank National Association ("U.S. Bank"; together, "Bank Defendants"), Breckenridge Property Fund 2016 LLC ("Breckenridge"), Bank of the West ("West"), Barrett Daffin Frappier Turner & Engel LLP ("BDFTE"), and Robert Forster ("Substitute Trustee") (collectively, "Defendants"), seeking declaratory and injunctive relief and compensatory damages. Doc. 3 at 1-5. Specifically, Plaintiffs allege that Defendants engaged in a coordinated scheme to defraud Plaintiffs by unlawfully foreclosing on their home, located at 508 Lilac Lane, Desoto, Texas (the "Property"). Doc. 3 at 1-5. Plaintiffs bring eleven claims under, *inter alia*, federal mail and wire fraud statutes; the Racketeer Influenced and Corrupt Organizations Act ("RICO"); the Fair Debt Collection Practices Act ("FDCPA"); the Homeowners Protection Act ("HPA"); the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), and Texas state foreclosure laws. Doc. 3 at 17-24.

In April 2019, Plaintiffs filed their first lawsuit in this Court to stave off an attempt to foreclosure on the Property, naming Wells Fargo U.S. Holdings, Inc., as Defendant ("*Reese I*"). *See Reese v. Wells Fargo U.S. Holdings, Inc.* (*Reese I*), No. 3:19-CV-799-S-BK, 2020 WL 874807 (N.D. Tex. Jan. 30, 2020) (Toliver, J.), *adopted by* 2020 WL 870227 (Feb. 20, 2020) (Scholer, J.) (dismissing claims with prejudice). In March 2023, Plaintiffs filed their second federal foreclosure lawsuit in this Court against Wells Fargo and Breckenridge, both of whom are also defendants in the instant action, seeking post-foreclosure relief ("*Reese II*"). Doc. 11 at 1; Doc. 15 at 3; *see Reese v. Wells Fargo Bank, N.A.*, No. 3:23-CV-524-N-BN, 2024 WL 3927886 (N.D. Tex. Aug. 5, 2024) (Horan, J.), *adopted by* 2024 WL 3927808, at *1 (Aug. 23, 2024) (Godbey, C.J.) ("*Reese II*") (dismissing with prejudice Plaintiffs' wrongful foreclosure claims), *appeal docketed*, No. 25-10161 (reinstating pending appeal on February 10, 2025,

following dismissal on the same day).[1]  In addition to the instant case and *Reese II*, Plaintiffs have asserted essentially same claims in several lawsuits across state courts.  Doc. 15 at 2-3.

Before the Court are three motions to dismiss Plaintiffs' claims for, *inter alia*, failure to state a claim, filed by (1) Bank Defendants, Doc. 11; (2) BDFTE, Doc. 14; and (3) Breckenridge and West, Doc. 15.  Plaintiffs filed a single response to all three motions to dismiss.  Doc. 17  Bank Defendants and BDFTE filed replies, but Breckenridge and West did not.  Doc. 19 (Bank Defendants' reply); Doc. 20 (BDFTE's reply).  Additionally, Bank Defendants have moved for the imposition of sanctions against Plaintiffs under Rule 11, Doc. 21, to which a response, Doc. 22, and a reply, Doc. 23, have been filed.  Thus, all four motions are now ripe for adjudication.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In making this determination, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (cleaned up).  But the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (cleaned up).  To survive a Rule 12(b)(6) motion, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if

---

[1] Notably, starting in 2017, Plaintiffs have filed in this Court other foreclosure-related property law claims as to the Property against, *inter alia*, Wells Fargo, asserting non-foreclosure causes of action other than those brought herein.  *See, e.g.*, *Reese v. Wells Fargo Bank, N.A.* (*Reese III*), No. 3:17-CV-2174-G, 2017 WL 5992406 (N.D. Tex. Dec. 5, 2017) (Fish, J.) (dismissing without prejudice Plaintiffs' Texas constitutional and property law claims against Wells Fargo and U.S. Bank).

3

doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted). Put differently, a court must be able to reasonably infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

When deciding a 12(b)(6) motion, the court "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (cleaned up). Further, the court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers") (cleaned up); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").

Generally, a party cannot premise a motion to dismiss under Rule 12(b)(6) on the affirmative defense of res judicata. *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977). But "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citation omitted). The burden of proving res judicata rests on the party claiming the benefit of the defense. *Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442, 448 (5th Cir. 2016) (citation omitted).

### III. ANALYSIS

While all Defendants move to dismiss Plaintiffs' claims for failure to state a claim, all but BDFTE's motion are premised on the doctrine of res judicata. Doc. 11; Doc. 15. And although BDFTE, a law firm, moves to dismiss only under Rule 12(b)(6) based on attorney immunity, Doc. 14 at 3-9, and Defendant Robert Forster has yet to file a motion to dismiss, the Court can

consider whether the doctrine of res judicata bars claims against them as well.  See *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (holding that a court is permitted to dismiss an action "*sua sponte* on res judicata grounds in the interest of judicial economy where both actions were brought before the same court.") (cleaned up)).

Notably, Plaintiffs did not address the res judicata arguments in their response to Defendants' motions, thereby waiving any argument in opposition.  *See Fruge v. Amerisure Mut. Ins.*, 663 F.3d 743, 747 (5th Cir. 2011) ("Failure to raise an argument before the district court waives that argument . . . .").  Nevertheless, the Court considers the merits of Defendants' res judicata arguments.

The doctrine of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).  Specifically, res judicata precludes a subsequent claim if (1) the parties to the previous and subsequent actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits.  *Id.*; *Ellis v. Amex Life Ins.*, 211 F.3d 935, 937 (5th Cir. 2000) (citation omitted).

A.  **All Defendants Are the Same or In Privity with the Parties in *Reese II*.**

Defendants Wells Fargo and Breckenridge were also named as defendants in *Reese II*. *Reese II*, 2024 WL 3927808, at *1.  And U.S. Bank, West, BDFTE, and Robert Forster, although they were not parties to *Reese II*, are in privity with Wells Fargo and Breckenridge.

"It is a fundamental principle of American jurisprudence that a person cannot be bound by a judgment in litigation to which he was not a party."  *Meza v. Gen. Battery Corp.*, 908 F.2d

5

1262, 1266 (5th Cir. 1990) (citation omitted). But where there is sufficient identity between the parties in the prior and subsequent suits, federal courts have found individuals to be in privity even if they were not technically parties to the prior suit. *Id.* Privity exists where: (1) the non-party is the successor in interest to a party's interest in property; (2) the non-party controlled the prior litigation; or (3) the non-party's interests were adequately represented by a party to the original suit. *Id.*

Here, U.S. Bank and West separately argue that their interests are so closely aligned with those of Wells Fargo and Breckenridge that they adequately represented U.S. Bank and West in the *Reese II*. Doc. 11 at 5-6; Doc. 15 at 7 (citing, *inter alia*, *Clyce v. Farley*, 836 F. App'x 262 (5th Cir. 2020)). Plaintiffs' own pleadings bear this out. Plaintiffs assert that U.S. Bank, non-party to *Reese II*, "participated in the foreclosure proceedings and acted in conjunction with the other Defendants to unlawfully seize the Plaintiffs' property." Doc. 3 at 4. Further, Plaintiffs further complain that West "facilitated the wrongful foreclosure by assisting in the financing and transfer in the property . . . ." Doc. 3 at 4. Additionally, Breckenridge and West correctly assert that they are in privity because "[West]'s connection to the Property and the facts of this case stem from a contractual relationship (i.e. a legal relationship) with [Breckenridge], and [West]'s interest is aligned with [Breckenridge]'s in defeating any claims by the Plaintiffs regarding the Property." Doc. 15 at 7 (citing *Taylor v. Sturgell*, 553 U.S. 880, 893-95 (2008)).

For the same reasons stated *supra*, the Court also concludes that Defendants BDFTE and Robert Forster are in privity with Bank Defendants, even though they did not challenge Plaintiffs' claims under the doctrine of res judicata. *See* Doc. 11 at 5 (arguing that all Defendants are in privity "because Wells Fargo and Breckenridge are so closely aligned with those other defendants' interest[s] as to be their virtual representatives."). Plaintiffs state that

Defendant Forster was "the substitute trustee overseeing the foreclosure sale" and BDFTE was the "law firm [that] was retained to carry out the foreclosure proceedings on behalf of the Defendants." Doc. 3 at 4. Indeed, as Bank Defendants contend, "the Reeses argue that each of the defendants played an interrelated and enabling role in connection with the January 4, 2022 foreclosure sale, which the Reeses claim was improper." Doc. 11 at 6. As a result, all "[D]efendants' interests are so closely aligned as to make them virtual representatives of each other in defending the validity and propriety of the foreclosure." Doc. 11 at 6.

Thus, the first element of the res judicata doctrine is satisfied.

### B. The Judgment in *Reese II* Was on the Merits and Issued by a Court of Competent Jurisdiction.

The second and third res judicata elements are also satisfied by all Defendants. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "Generally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes." *Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (citing, *inter alia*, *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)).

Indeed, in *Reese II*, Chief District Judge Godbey granted summary judgment in favor of Defendants Wells Fargo and Breckenridge and dismissed Plaintiffs' claims <u>*with prejudice*</u>. *Reese II*, 2024 WL 3927808, at *1; *see Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993) ("A decision is final when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (cleaned up). And, on the same day that Plaintiffs filed the instant case, they filed a notice of appeal in *Reese II*. *Reese II*, No. 3:23-CV-524-N-BN, Doc. 59, *appeal docketed*, No. 25-10161; Doc. 11 at 4; *see* 28 U.S.C. § 1291 ("The courts of

7

appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."). Finally, the judgment in *Reese II* was rendered by this Court, which had federal question jurisdiction. *See Reese II*, No. 3:23-CV-524-N-BN, Doc. 1 (Defendants Wells Fargo's and Breckenridge's *Notice of Removal*).

Thus, the second and third elements of res judicata are satisfied.

### C. Plaintiffs' Claims Here and in *Reese II* Originate from a Common Nucleus of Operative Facts.

The final element of the res judicata doctrine is likewise satisfied as to all Defendants. "[T]his Court uses the transactional test" to determine whether the instant case involves the same claim or cause of action as a lawsuit previously adjudged on the merits. *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571 (citation omitted).

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a transaction or a series of transactions must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Id.* (cleaned up). Critically, the inquiry boils down to "whether the two actions are based on the *same nucleus of operative facts*." *Id.* (cleaned up) (emphasis added).

As the Bank Defendants and Breckenridge and West posit, Plaintiffs' allegations in the operative complaint share a common nucleus of operative facts as those presented in *Reese II*. Doc. 11 at 7-8; Doc. 15 at 8-9. Though all of the causes of action here do not mirror those alleged in *Reese II*, at least one claim is identical. *See* Doc. 3 at 11-12, 17-19 (alleging claims for, *inter alia*, wrongful foreclosure, RICO, federal fraud, and the Texas Constitution); *cf. Reese II*, 2024 WL 3927886, at *1-2 ("Plaintiffs assert claims for wrongful foreclosure, violations of

8

the Texas Debt Collection Act (TDCA), violations of the Real Estate Settlement Procedures Act (RESPA), and violations of the Coronavirus Aid, Relief and Economic Security Act (CARES).") (cleaned up).  The remainder of Plaintiffs' claims in both cases, including the related state law claims, are undeniably rooted in the same facts involving post-foreclosure relief as to the Property.  Doc. 3 at 5-24; *Reese II*, 2024 WL 3927886, at *1-2.  Plaintiffs' allegations here are also closely related to those in *Reese I* and *III*—cases previously adjudicated in this Court—because they, too, involve the Property and its potential foreclosure.[2]  *Reese I*, 2020 WL 874807, at *1; *Reese III*, 2017 WL 5992406, at *2-6; *see Chevron Oronite Co.*, 951 F.3d at 229 n.14.

For the foregoing reasons, Plaintiffs' claims against all Defendants are barred by res judicata and therefore, should be **DISMISSED WITH PREJUDICE** for failure to state a claim.  Consequently, the Court need not, and should not, relitigate Plaintiffs' claims on the merits.  *See Stevens*, 587 F. App'x at 133 (explaining that "[i]t is well established that Rule 12(b)(6) dismissals are made on the merits . . . ," and such judgments prevent the parties or their privities from relitigating those issues) (citing *Moitie*, 452 U.S. at 398).[3]

### IV. LEAVE TO AMEND

Ordinarily, *pro se* plaintiffs should be granted leave to amend their complaint prior to the dismissal of their case.  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  However, leave to amend is not required where plaintiff "has already pleaded his best case." *Id.*  As outlined herein, Plaintiffs' claims are fatally infirm and duplicative of claims raised and rejected in previous cases. *Id.*  And Defendants have convincingly argued that granting leave to amend

---

[2] The Court does not examine at length Plaintiffs' claims in *Reese I* and *III* because, although those cases are closely related to the instant case and pertain to a common nucleus of operative facts, Defendants do not cite to those cases in their motions.

[3] The Court need not reach BFDTE's other arguments for dismissal.  *Id.*; Doc. 14 at 3-4, 6-9.

9

would be futile and cause needless delay. Doc. 11 at 8; Doc. 14 at 9; Doc. 15 at 11; *see Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) ("A district court may deny a proposed amendment for futility—meaning the amended complaint would fail to state a claim upon which relief could be granted.") (citation omitted). The Court thus concludes the same. *See Smallwood v. Willow Way, LLC*, No. 3:19-CV-1708-B-BN, 2019 WL 7040450, at *5 (N.D. Tex. Nov. 12, 2019) (Horan, J.) ("The conclusion that the claims in this action are barred by res judicata also means that leave to amend should be denied as futile."), *adopted by* 2019 WL 7040254 (N.D. Tex. Dec. 20, 2019) (Boyle, J.).

## V. SANCTION WARNING

Because Plaintiffs' claims should be dismissed without consideration of their merit or lack thereof, the Court also does not substantively address Breckenridge and West's request for a restraining order against Plaintiffs or for their designation as vexatious litigants, Doc. 15 at 9-11, or the Bank Defendants' motion for sanctions, Doc. 21. However, based on Plaintiffs' persistence in filing lawsuits that are plainly frivolous, as detailed *supra*, Plaintiffs should be warned that if they persist in filing frivolous, baseless, or duplicative lawsuits, the Court may impose monetary sanctions, bar them from bringing any new action, or subject them to other sanctions the Court deems appropriate. *See* FED. R. CIV. P. 11(b)(2) & (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when, as here, *pro se* litigants have a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation,

and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## VI. CONCLUSION

For the foregoing reasons, Defendants *Wells Fargo's and U.S. Bank's Motion to Dismiss and Brief in Support*, Doc. 11, should be **GRANTED**, and *Defendant Barrett Daffin Frappier Turner & Engel, LLP's Motion to Dismiss for Failure to State a Claim*, Doc. 14, and Defendants Breckenridge Property Fund 2016 LLC's and Bank of the West's *Motion to Dismiss*, Doc. 15, should be **GRANTED IN PART**. Accordingly, all of Plaintiffs' claims should be **DISMISSED WITH PREJUDICE** under a theory of res judicata.

Further, in light of the Court's recommendation herein, Defendants *Wells Fargo's and U.S. Bank's Motion for Sanctions Against Plaintiffs*, Doc. 21, and Defendants Breckenridge Property Fund 2016 LLC's and Bank of the West's request for a restraining order and vexatious litigation designation, Doc. 15 at 9-11, should be **DENIED AS MOOT**. But the district judge, upon accepting or declining to adopt the undersigned's recommendation, should admonish Plaintiffs that, if they persist in filing frivolous or duplicative actions, the Court may impose monetary sanctions and/or bar them from bringing any further action. FED. R. CIV. P. 11(b)-(c); *Mendoza*, 989 F.2d at 195-97.

Finally, as no claims will remain pending, the Clerk of Court should be directed to close this case.

**SO RECOMMENDED** on August 12, 2025.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

11

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).