IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WENDELL REESE AND KAREN REESE, | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CASE NO. 3:25-CV-26-K-BK |
| | § | |
| WELLS FARGO BANK N.A. ET AL., | § | |
| DEFENDANTS. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge Renée Harris Toliver made findings, conclusions and a recommendation in this case. Objections were filed, and the Court has made a de novo review of those portions of the proposed findings, conclusions, and recommendation to which objection was made.

The objections are **OVERRULED**, and the Court accepts the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Accordingly, Defendants *Wells Fargo's and U.S. Bank's Motion to Dismiss and Brief in Support*, Doc. 11, is **GRANTED**, and *Defendant Barrett Daffin Frappier Turner & Engel, LLP's Motion to Dismiss for Failure to State a Claim*, Doc. 14, and Defendants Breckenridge Property Fund 2016 LLC's and Bank of the West's *Motion to Dismiss*, Doc. 15, is **GRANTED IN PART**. Accordingly, all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE** under a theory of res judicata.

Further, Defendants *Wells Fargo's and U.S. Bank's Motion for Sanctions Against Plaintiffs*, Doc. 21, and Defendants Breckenridge Property Fund 2016 LLC's and Bank of the West's request for a restraining order and vexatious litigation designation, Doc. 15 at 9-11, are **DENIED AS MOOT**.  However, Plaintiffs are admonished that, if they persist in filing frivolous or duplicative actions, the Court may impose monetary sanctions. bar them from bringing any further action, or subject them to other sanctions the Court deems appropriate.  *See* FED. R. CIV. P. 11(b)(2) & (c)(1) (providing for sanctions against pro se litigants or attorneys); *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993) (holding that sanctions may be appropriate when, as here, pro se litigants have a history of submitting multiple frivolous claims); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).

**SO ORDERED.**

Signed August 25th, 2025.

*[signature: Ed Kinkeade]*

ED KINKEADE
UNITED STATES DISTRICT JUDGE